UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JUAN A. PRIETO,
and other similarly situated individuals,

    Plaintiff (s)

v.

BOWLING SUPERMARKET INC., and
NORBERTO BENITEZ-CALDERON

    Defendants.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN A. PRIETO, by and through the undersigned counsel, and hereby sues Defendants BOWLING SUPERMARKET INC., and NORBERTO BENITEZ-CALDERON individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff JUAN A. PRIETO is a resident of Palm Beach County, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant BOWLING SUPERMARKET INC. (hereinafter BOWLING SUPERMARKET, or Defendant) is a Florida corporation that has a place of business within the jurisdiction of this Court.  At all times, Defendant was and is engaged in

interstate commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendant NORBERTO BENITEZ-CALDERON was and is now, the owner/officer and manager of Defendant Corporation BOWLING SUPERMARKET. Defendant NORBERTO BENITEZ- CALDERON is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after September 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant BOWLING SUPERMARKET is a Latin supermarket located at 1425 South Main Street, Belle Glade Florida 33430, where Plaintiff worked.

8. Defendant BOWLING SUPERMARKET employed Plaintiff JUAN A. PRIETO as a non-exempted, full-time, employee, from about September 22, 2018, through approximately June 21, 2019, or 39 weeks.

9. Plaintiff had multiple duties as a supermarket employee. Plaintiff's last wage-rate was $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

10. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 6 days per week, he had Saturdays off, but he worked from Monday to Sunday, from 7:00 AM to 6:00 PM (11 hours daily). Plaintiff worked a minimum average of 55 hours weekly. Plaintiff has already deducted 6 hours of lunchtime per week.

11. Plaintiff worked more than 40 hours every week period, and he was paid for all hours at his regular rate. However, Plaintiff was not paid for overtime hours.

12. Plaintiff clocked in and out utilizing a computer and Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and worked in every week period.

15. On multiple times, Plaintiff requested to be paid for overtime hours, but the Defendants refused to pay overtime hours.

16. On or about Junio 21, 2019, Plaintiff resigned from his employment with Defendants.

17. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate of unpaid overtime hours based on a workweek of 55 weekly average hours. Upon discovery, the Plaintiff is going to amend his Statement of Claim accordingly.

18. Plaintiff JUAN A. PRIETO seeks to recover half-time overtime wages for every hour in excess of 40 in a week period, for all the weeks that he worked for Defendants, liquidated damages, attorney fees, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

19. Plaintiff JUAN A. PRIETO re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employers BOWLING SUPERMARKET unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

21. At all times pertinent to this Complaint, Defendant BOWLING SUPERMARKET was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business performing as s Latin Supermarket. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce.

Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

23. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON employed Plaintiff JUAN A. PRIETO as a non-exempted, full-time, supermarket employee, from about September 22, 2018, through approximately June 21, 2019, or 39 weeks.

24. Plaintiff had multiple duties as a supermarket employee. Plaintiff's last wage-rate was $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

25. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 6 days per week a minimum average of 55 hours weekly. Plaintiff has already deducted 6 hours of lunchtime per week.

26. Plaintiff worked more than 40 hours every week period, and he was paid for all hours at his regular rate. However, he was not paid for overtime hours.

27. Plaintiff clocked in and out utilizing a computer and Defendants were in complete control of Plaintiff's schedule. The Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid weekly with checks and paystubs that did not show the number of days worked in every week period.

30. The records, if any, concerning the number of hours worked by Plaintiff JUAN A. PRIETO, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

31. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

33. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

      Two Thousand Nine Hundred Twenty-Five Dollars and 00/100 ($2,925.00)

   b. <u>Calculation of such wages</u>:

      Total time of employment: 39 Weeks

> Total relevant period of employment: 39 weeks
> Total number of hours worked: 55 average weekly
> Total number of O/T hours: 15 weekly average
> Total number of paid O/T hours: 55 weekly average at regular rate.
> Regular rate: $10.00 an hour x 1.5=$15.00
> O/T rate: $15.00 an hour-$10.00 O/T rate paid=$5.00 half-time difference
>
> Half-time difference $5.00 x 15 O/T hours=$75.00 weekly x 39 weeks=$2,925.00

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

  This amount represents the unpaid half-time overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

37. At the times mentioned, the individual Defendant NORBERTO BENITEZ-CALDERON was the owner and manager of BOWLING SUPERMARKET. Defendant NORBERTO BENITEZ-CALDERON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of BOWLING SUPERMARKET in relation to their employees, including Plaintiff and others similarly situated. Defendant NORBERTO BENITEZ-CALDERON had absolute financial and

operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

38. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN A. PRIETO and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JUAN A. PRIETO and other similarly situated and against the Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JUAN A. PRIETO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: May 25, 2020

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*