**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-80830-CV-MIDDLEBROOKS

JUAN A. PRIETO,

    Plaintiffs,

v.

BOWLING SUPERMARKET INC., *et al.*,

    Defendant.

_____/

**ORDER CLOSING CASE**

THIS CAUSE comes before the Court upon the Parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice, filed on June 9, 2020. (DE 5). For the following reasons, I construe the Motion as a Joint Stipulation of Dismissal and direct the Clerk of Court to close this case.

This is an FLSA case in which Plaintiff raises an unpaid overtime claim. In the present Motion, the Parties indicate that they have settled this matter and they now seek the entry of an order dismissing this case. (DE 5). Ordinarily, FLSA cases may only be dismissed after a court review and approves the Parties' settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). This approval process has been implemented so that a court ensured that parties' settlements are fair and reasonable compromises of FLSA disputes. *Id.*

There are certain situations, however, where court approval of an FLSA settlement is not necessary. One such situation, which is relevant here, is when a plaintiff receives all of the unpaid wages requested in the complaint. *See, e.g.*, *Crooms v. Lakewood Nursing Ctr.*, No. 7-cv-435, 2008

WL 398933, at *1 (M.D. Fla. Feb 12, 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny.").

Here, the Parties have stipulated that that Plaintiff is "receiving 100% percent of his alleged unpaid overtime wage compensation, plus liquidated damages, and reasonable attorney's fees and costs pursuant to the settlement between the Parties." (DE 5 at 2). In light of this stipulation, the Parties contend, and I agree, that court approval of the settlement is not needed.

Therefore, I construe the present Motion as a stipulation of dismissal with prejudice. (*See* DE 5 at 3) ("The Parties stipulate to the dismissal with prejudice of this action[.]"). I congratulate the Parties on their amicable resolution of this matter and notes that pursuant to *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), the Parties' Stipulation is self-executing and no Order of the Court is required to dismiss this action.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Joint Motion for Approval (DE 5) is **DENIED AS MOOT.**
2. This action is **DISMISSED WITH PREJUDICE.**
3. The Clerk of Court shall **CLOSE this CASE.**
4. The Clerk shall also **DENY** all pending motions **AS MOOT.**
5. The Court retains jurisdiction to enforce the Parties' settlement for six months.

**SIGNED** in Chambers in West Palm Beach, Florida, this 11th day of June, 2020.

Donald M. Middlebrooks
United States District Judge